IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROSHAREE M. PICKETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:23-cv-653-RAH-JTA ) |
| COCA COLA BOTTLING UNITED, | ) ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This employment discrimination action was filed by Plaintiff Rosharee M. Pickett, proceeding *pro se*. (Doc. No. 1.) Pursuant to 28 U.S.C. § 636, the court referred this case to the undersigned Magistrate Judge for further proceedings and determination or recommendation as may be appropriate. (Doc. No. 5.)

For the reasons stated below, the undersigned recommends that this action be dismissed without prejudice.

**I.      JURISDICTION**

This court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, as Plaintiff purports to allege a claim under Title VII of the Civil Rights Act, as amended (42 U.S.C. § 2000e, *et seq*.).[1]

**II.      DISCUSSION**

On November 7, 2023, Plaintiff filed a Complaint against her former employer, Defendant Coca Cola Bottling United. (Doc. No. 1.) Plaintiff also filed a motion for leave

---

[1] (*See* Doc. No. 1 at 1.)

to proceed *in forma pauperis*. (Doc. No. 2.) On November 13, 2023, the court issued an Order granting Plaintiff leave to proceed *in forma pauperis*, and set a status conference for November 29, 2023. (Docs. No. 6, 7.) Plaintiff failed to appear for the November 29 status conference.

On November 30, 2023, the court issued an Order to show cause as to why Plaintiff failed to appear for the court proceeding and set a second status conference for December 18, 2023. (Doc. No. 9.) In response to the Court's November 30 Order, Plaintiff explained that she retained counsel and was under the impression that counsel would appear at the proceeding on her behalf. (Doc. No. 10.) Plaintiff further explained that after the November 29 status conference, counsel informed Plaintiff that he was unable to represent her in this case. (*Id*.) Consequently, the court issued an Order rescheduling the December 18, 2023 status conference to January 17, 2024. (Doc. No. 12.)

At the January 17 status conference, both parties appeared. During the conference, the undersigned explained the progression of a civil case in federal court to Plaintiff. The undersigned also explained to Plaintiff that the facts alleged in her Complaint were too sparse and advised her of the pleading requirements under Rules 8 and 10 of the Federal Rules of Civil Procedure. Further, the undersigned verified with Plaintiff that she was receiving the court's orders. Plaintiff explained her continued efforts to obtain counsel for this case and requested two additional weeks to secure an attorney. The undersigned advised Plaintiff that her request would be granted. Subsequently, the court issued an Order directing either Plaintiff's attorney to file a notice of appearance, or Plaintiff to file

a notice stating her intent to proceed in this action *pro se*, on or before January 31, 2024. (Doc. No. 14 at 1-2.) In the same Order, the court also directed Plaintiff or her retained counsel to file an amended complaint that complied with Rules 8 and 10 of the Federal Rules of Civil Procedure on or before February 20, 2024. (*Id*. at 2.) The court specifically advised Plaintiff that "***failure to timely file an amended complaint in accordance with this Order may constitute grounds for dismissal for failure to prosecute this case and grounds for sanctions, including dismissal for failure to comply with the court's orders.***" (*Id*. at 3 (emphasis in original).)

On February 12, 2024, Plaintiff filed a motion "[a]sking the court for a final extension in finding an attorney." (Doc. No. 15.) The court granted the motion and ordered Plaintiff's retained counsel to file a notice of appearance by March 1, 2024. (Doc. No. 16 at 1.) The court also ordered the following:

> 3. If she is unable to secure counsel, Plaintiff must file a written notice stating her intent to proceed in this action *pro se* on or before **March 1, 2024**.
> 4. On or before **March 21, 2024**, Plaintiff or her retained counsel shall file an amended complaint that complies with the instructions set forth in the January 17, 2024 Order. (Doc. No. 14.)

(Doc. No. 16 at 2.) Further, the court specifically cautioned Plaintiff that "**if she fails to comply with this order, the Magistrate Judge will recommend this case be dismissed due to her failure to prosecute this case and failure to comply with court orders.**" (*Id*. at 3 (emphasis in original).) To date, no response has been filed by Plaintiff or any attorney on her behalf.

Because Plaintiff has failed to comply with the court's orders and failed to prosecute this case, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where Plaintiff has failed to comply despite the court's clear admonition and numerous extensions, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

### III.   CONCLUSION

Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that **on or before April 19, 2024**, the parties may file objections to this Recommendation.  The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  The parties are advised that frivolous, conclusive, or general objections to the

Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4h day of April, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE